### LAIRD *v.* HODGES.

Usury—*Lex-loci*—While the law of the place of the contract interprets and construes it—the law of the place where it is put in suit, determines all questions as to the manner in which the same may be enforced.

How Pleaded—Usury should be specifically pleaded; it is not sufficient to aver that a note was made, signed, sealed and delivered at a particular place; facts, sufficient to show the intention of the parties, should be averred.

Requisites of Plea.—A *corrupt agreement* and the *intention* to take or reserve more than the legal rate of interest, are essential ingredients in all usurious contracts, and must be averred in a plea of usury.

*Appeal from Crittenden Circuit Court.*

Hon. James M. Hanks, Circuit Judge.

*O. P. Lyles*, for appellant.

*B. C. Brown*, for appellee.

Bennett, J.

This suit was instituted in the circuit court of Crittenden county, at the November term, 1866, by Laird against Hodges, on a promissory note, of which the following is a copy:

"$666 66. DELTA, MISS., June 7, 1860.

Forty-three months after date, I promise to pay to the order of Emile Gassit six hundred and sixty-six $\frac{66}{100}$ dollars, with ten per cent. interest from January 1, 1866. Value received.

(Signed.) · A. HODGES."

Indorsed: "Pickett, Hodges & Ward," with a blank indorsement as follows: "I waive demand and notice.

E. GASSIT."

The defendant files a plea of general issue, and a special plea. "And for a further plea in this behalf the defendant says '*actio non*,' because he says that the supposed promissory note, in the said petition described, was not executed and delivered by this defendant to the said Emile Gassit, at Delta, in the State of Mississippi, as in and by said petition is supposed, but that the same was executed and delivered by this defendant to the said Emile Gassit, at Memphis, in the State of Tennessee, to wit: on the first day of June, 1860. And the said defendant further avers that, by the law of the said State of Tennessee, any promissory note or other instrument wherein is reserved any greater rate of interest than the rate of six per centum per annum, is wholly void. So the defendant says "that the said supposed promissory note was and is wholly void."

Plaintiff replies: "That, at the date of the execution of the note, said Gassit, the payee, was a resident of the State of Mississippi, and that although said note was executed in the State of Tennessee, it was then and there agreed and understood by and between said Emile Gassit and the said defendant, that the said contract should be performed and payment of said note made in the State of Mississippi."

To this replication a demurrer was sustained. Plaintiff resting, judgment for costs was rendered against him.

This was a proceeding by petition and summons, in the usual form of the statute.

The first question that arises is, whether the defendant has pleaded a good plea in bar? for if he has not, the plaintiff

must have judgment, notwithstanding his replication may be bad, according to the well settled rule that judgment must be against the party who, in pleading, commits the first fault.

The plea, no doubt, was intended as a plea of usury, as it was seeking to avoid the payment of the note upon the ground of illegal interest.

Whatever view we may entertain in regard to the question of the *lex loci*; and while the law of the place of the contract interprets and construes it—the law of the place where it is put in suit—*lex loci*—determines all questions as to the manner in which the same may be enforced. The pleadings in form and substance must, of course, conform to the practice, in such cases, in our courts.

To avoid the payment of money demanded, upon the ground of usury, it must be *specifically* pleaded. The plea filed in this cause is fatally defective in several particulars.

The defendant fails to allege such facts as will show that it was intended by the parties that the contract was to be made *payable* in Tennessee, the law of which it was said to have violated. It is not enough to aver the mere fact that the note was written, signed and delivered in Tennessee.

The parties may have resided in Delta, Mississippi, and were only temporarily in Memphis, Tennessee, for the transaction of this or any other business. Or, one party may have been a resident of Mississippi, and the other of Tennessee. The note being payable generally, it is necessary to fully allege the intention of the parties as to the place of payment, as that is very material, as by it is to be determined the law of the contract. And enough must be alleged to show that the note was payable in Tennessee, if the defendant desires to place the contract under the law of that State. If the note had been payable at a particular place, parol evidence would not be admissible to show it payable elsewhere, or payable generally. By it being made payable generally, the parties may be presumed to have intended that the law of the place where it was made should govern. But this note was dated at Delta, Mis-

sissippi, and that may be said to be *prima facie* the place of payment, or, at least, to show the place where made. Neither of these facts, in themselves, can be said to be conclusive of the intention of the parties as to where the note was to be paid. The contrary has been adjudged. See *Anderson v. Drake, 14, Johns. Rep., 114.*

A party to a contract, general as to its payment, who seeks to show that it has a particular place for its payment, must aver that such a place was the intention of the parties where it should be paid.

Another fatal defect in the plea is its failure to allege a *corrupt agreement*, to take more interest than the law allows. This is a material averment. "The corrupt agreement is the essence of a usurious contract, which is nothing more than taking more interest than is allowed by law. It must be averred and proved to support the defense." *McFarland et al v. State Bank, 4 Ark., 55.*

In *Moody v. Hawkins, 25 Ark., 191*, this court say: "The *intention* to take or reserve more than the legal rate of interest is an essential ingredient in all usurious contracts, and must always be averred in a plea of usury."

For these failures in the plea, it is bad, and should not have been entertained by the court below. The replication would have been a good one if the plea had been perfect.

Judgment reversed, cause remanded, to be proceeded with in accordance with law.